## Commonwealth v. Hedman

*William Morgan,* District Attorney, for Commonwealth.

*Edward Petrillo,* for defendant.

WOLFE, P. J., May 11, 1972.—This is an appeal from the summary conviction of defendant in the magistrate court for violation of section 626 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §626, in that defendant permitted a violation of The Vehicle Code by permitting one James Battista to operate a motor vehicle equipped with unsafe tires.

The section in question provides: "No person shall authorize or permit a motor vehicle or tractor owned by him or under his control to be operated by any person who has no legal right to do so, or in violation of any of the provisions of this act."

Briefly, the following was established by the evidence: During an investigation of a fatal accident on April 6, 1971, the arresting officer observed the front tires on the vehicle which was involved in the accident and operated by James Battista and upon gauging the same found they did not measure two-thirty-seconds inches of tread as required and, in fact, were completely smooth. There was no evidence the fatality was caused by the unsafe tires; however, the officer arrested the operator under section 841(a) and defendant under section 626 for permitting the operator to violate the former section.

There was extensive testimony concerning the ownership of the vehicle in question. The Commonwealth's witness, James Vavala, testified defendant was in the process of purchasing his taxi cab company which included the franchise and the vehicle in question; however, he acknowledged that legal title never was vested in defendant. His testimony also shows he had no possession of the vehicle during the four preceding months to the accident, although he

did acknowledge he had the right to control if he elected to do so and, in fact, at the time of hearing still held the legal title to the cab business.

The operator of the vehicle testified, and his testimony was in no way contradicted, that he was hired by defendant and paid by him.

From all of the evidence the court concludes defendant was not, in fact, the legal owner of the vehicle on the date in question, which leaves for decision of whether defendant had sufficient control over the vehicle and had sufficient knowledge of the condition of the tires to hold him liable for violation of the act for which he is now charged.

All of the evidence in this case concludes the Commonwealth has proved its case beyond a reasonable doubt.

Defendant did not elect to take the stand on his own behalf and presented one witness, an attorney at law, who testified he represented defendant at one time during negotiations for transfer of the cab company business and defendant had decided not to purchase the vehicles in the transaction.

The owner of the vehicles, Mr. Vavala, stated defendant was not under his employment and he received no income from the operation of the cabs since 1967, that he had no authority to hire or fire any of the cab operators, did not know the operator of the cab in question on the date in question, made no repairs on the cab and had not inspected it and had completely removed himself from the cab business prior to the fatal date and the cab in question was in defendant's possession.

Defendant argues the Commonwealth has failed in its burden of proof in that it has not shown defendant intended to violate section 626 and defendant

did not have the control over the vehicle sufficiently to charge him with the violation and insists that the control was still in the legal owner.

The word "control" means generally, the power or authority to manage, direct, govern, administer or oversee. And also means and relates to authority over what is not in one's physical possession. See Words and Phrases, 9a, page 5.

The evidence in the instant case is conclusive. Defendant had possession of the vehicle in question by virtue of the transfer and proposed sale of the cab business to him, although the sale had not been consummated between himself and the owner.

As pointed out in Commonwealth v. Gmuer, 29 D. & C. 2d 689, 691 (1962), the legislative prohibition is "no person shall *authorize or permit* a motor vehicle or tractor owned by him or under his control to be operated by any person who has no legal right to do so, or in violation of any provisions of this act."

In Gmuer the court held it could not read into this language an intent to make the fact of ownership or mere presence of an owner (in the vehicle) the decisive factor of guilt. In the court's words, "to 'authorize' or 'permit' connotes some affirmative assent to the illegal acts whether by conduct or otherwise . . ."

In the instant case, there is no evidence the control of this vehicle was, in fact, in the legal owner. On the contrary, all of the evidence indicates the control of the vehicle was in defendant on the date in question and a long time prior thereto. Certainly, it would defy logic to now place the responsibility of the condition of the tires on the legal owner who had no possession of the vehicle four months preceding the

incident, who received no income from the operation of it, who had not permitted the operator to operate it nor had anything to do with his hiring or salary, nor to the upkeep or repair thereof or any agreement between him and defendant to do so.

Defendant labored at great length on crossexamination of the owner to place the responsibility of repairs and control on him. Why the arresting officer elected not to likewise charge the legal owner is not an issue before the court.

In short, we hold that ownership per se in another does not exonerate defendant when the evidence shows beyond a reasonable doubt defendant had general possession and control of the vehicle and was using it in his own business for his own personal gain. Any holding to the contrary in the absence of any agreement, every car rental agency, or any other lend lease, or lease arrangement, or bailment, would subject the legal owner, who had legal title only to the vehicle, liable under this section notwithstanding the owner or lessor had no control or operation over the vehicle. We do not think this was the intent of the legislature and, therefore, make the following

## ORDER

And now, to wit, May 11, 1972, defendant is found guilty of violation of section 626 of The Vehicle Code of April 29, 1959, P. L. 58, and is, in absence of appeal, sentenced to pay a fine of $25, together with costs of prosecution and in default of payment thereof shall undergo imprisonment for a period of 10 days in the Warren County Jail.